

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

March 31, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-529.

Dear Sir:

Re: The authority of the
Tax Assessor-Collector
of Mitchell County to
issue a full tax re-
ceipt upon payment of
the county's share of
the proceeds of the
sale of land deeded to
a school district in
payment of delinquent
taxes

     You request the opinion of this office upon the question presented by Mr. Bruce Hart, Assessor-Collector of Mitchell County, in his letter addressed to you under date of February 23, 1948. We quote Mr. Hart's letter in part as follows:

     "The person that owned the property down on the river bank let the taxes on the property go delinquent for several years and the amounts were as stated in the previous letter, City $200, School $75.00 and County $75.00, so in order to not be sued he deeded the property to the Colorado City Ind. School Dist., in other words gave the School the property, in turn the School sold the property to a Mexican for $40.00 as the property has very little value.

     "The School Tax Collector wants to apply the $40.00 received from the Mexican on the taxes (to the) three tax agencies in our city.

     "Can I issue a tax receipt paid in full after receiving my part of the $40.00."

The tax collector has no authority to accept and receipt for any amount less than the full amount of State and County taxes due by a delinquent taxpayer for a particular year on any particular tract. Since the delinquent county taxes alone amount to $75.00 it is quite obvious that if the County received all of the $40.00, the tax collector still could not issue a receipt for all the delinquent taxes due the county and State. The maximum authority the tax collector has to receive less than the full amount of delinquent taxes due by taxpayers is the amount that may be due for any one year upon any one tract. In other words, he may receive the delinquent State and County taxes due by a taxpayer for a particular year on a particular lot or tract without requiring the taxpayer to pay the delinquent taxes for other years. The rule stated above has been the uniform ruling of this office, and we enclose herewith copies of Opinions 0-4545 and V-441 so holding.

It follows from what we have said above that the lot is still burdened with the delinquent State and County taxes and the lien securing the same, and that the owner who deeded the property to the Colorado Independent School District is still personally liable therefor. This is because the lien and such liability cannot be extinguished by a private sale to the district or any of the other taxing units. Only by payment or judicial foreclosure of the tax lien of the respective taxing units and sale thereunder in a delinquent tax suit as provided in Article 7345b, V.C.S., can the lien be extinguished.

## SUMMARY

The tax collector has no authority to accept "partial payment" of taxes in amounts less than the amount of State and County taxes which were delinquent for any one year on any one tract. Opinions 0-4545 and V-441.

Delinquent State and County taxes and the lien securing the same cannot be extinguished by private sale by the delinquent taxpayer to the taxing unit, but only by payment or judi-

cial foreclosure and sale under the terms of Article 7345b, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL/lh
2 encls.

APPROVED:

ATTORNEY GENERAL